

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Otto P. Moore
County Attorney
Colorado County
Columbus, Texas

> Opinion No. 0-6801
> Re: Can County Judge during term
> in which he rendered judgment
> of conviction, set same aside
> after defendant has paid fine
> and costs; and, if so, what is
> legal disposition of said fine
> and costs?

Dear Sir:

We have received your recent communication, in which you submit for our determination the following matter:

On August 13, 1945, the County Judge of Colorado County, Texas, accepted a plea of guilty to an information charging a violation of the liquor laws filed in the county court, and rendered judgment against defendant for a fine of $100.00 and costs of court. No motion was made for a new trial, nor was an appeal taken, and immediately after the rendition of said judgment, the defendant paid such fine and costs to the county clerk. The following day, on August 14, 1945, the county judge, as shown by his docket entry, rendered an order setting said judgment aside. The questions involved are:

> 1. Can the county judge legally set aside a judgment such as was given in this case when the defendant pleads guilty and had already paid his fine and received a receipt for the same by the clerk of the court?

> 2. What is the legal disposition of the fine and costs as shown by the facts in this case?

We assume that all the acts in question occurred during the same term of county court, and that the judgment rendered on August 13, 1945, as aforesaid, was duly entered in the minutes and approved by the county judge before the expiration of said term of court. From the facts stated we cannot assume that the judgment of August 14, 1945, was at the instance or on motion of the defendant.

The general rule is that during the term of the court at which any judgment has been entered, or motion acted upon, the court still has power over all of its proceedings and may correct and reform or set aside any judgment or action of the court had during the term. See Pena v. State (Crim. App.), 24 S. W. (2) 396; Bundick v. State, 59 Crim. Rep. 9, 127 S. W. 543; Humphries v. State (Crim. App.), 69 S. W. 527; Metcalf v. State, 21 Crim. App. 174, 17 S. W. 142.

However, in a criminal case if the accused has suffered some punishment under the judgment, the court is powerless to change it in any substantial respect, unless at the instance or on motion of defendant. See Grisham v. State, 19 Crim. App. 504; Brezela v. State, 92 Crim. Rep. 479, 244 S. W. 529; and Turner v. State, 116 Cr. R. 154.

Therefore, giving application to the principles controlling, we are constrained to hold that, unless at the instance or on motion of defendant, it was beyond the power of the county judge to set aside the original judgment rendered on August 13, 1945. Such being the case, the order of August 14, 1945, attempting to set aside the original judgment, was a nullity and cannnot be enforced, but the original judgment of conviction is legal and stands as executed.

In view of our answer to your question No. 1, it is unnecessary to answer question No. 2.

Yours very truly,

THE ATTORNEY GENERAL OF TEXAS

By /s/ Robert L. Lattimore, Jr.
Robert L. Lattimore, Jr.
Assistant

RLL:gb-ds

APPROVED OCT 22, 1945

/s/ Carlos C. Ashley

FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION
COMMITTEE BY GWB CHAIRMAN